940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. SMITH, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 90-1143.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Aug. 15, 1991.
 
 On Appeal from the United States Tax Court. (Tax Ct. No. 88-29685)
 Douglas J. Wood, Roberts & Wood, Riverdale, Md. (Argued), for appellant; Terrell N. Roberts, III, Roberts & Wood, Riverdale, Md., on brief.
 Teresa Ellen McLaughlin, Tax Division, United States Department of Justice, Washington, D.C. (Argued), for appellee; Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, William A. Whitledge, Tax Division, United States Department of Justice, Washington, D.C., on brief.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 James E. Smith appeals the tax court's denial of his petition for redetermination of deficiencies in his 1984, 1985, and 1986 income taxes. Finding no error, we affirm.
 
 
 2
 Smith was served with a notice of deficiency regarding tax years 1984, 1985, and 1986. The IRS cited him with tax deficiencies totalling $229,334.29 and penalties totaling $243,727.85. In his petition for redetermination of the deficiency, Smith claimed that his income for the years in question was not properly calculated under the net worth method. He further claimed that, even if his income was correctly determined, the IRS erred in failing to allow him deductions for property forfeited to the government pursuant to 21 U.S.C. Sec. 853.* In the alternative, he claimed that because the forfeited property belonged to the government all along as a result of the relation back provision of the forfeiture statute, his income from drug transactions could not be included in his taxable income. He also claimed that the statute of limitations had run on tax year 1984, and that taxes and penalties from that year should not be assessed. Finally, he claimed that because he did not intend to defraud the government, the portion of penalties attributed to his intent to defraud should be stricken.
 
 
 3
 During the proceedings before the tax court, Smith conceded that the amounts of income and additions to tax were correctly determined by the commissioner. However, he continued to contend that he was entitled to a loss deduction for the forfeiture.
 
 
 4
 The tax court denied Smith's petition to redetermine deficiency. The court found that Smith failed to prove the amount of the claimed loss of assets through forfeiture. Smith did not file an income tax return for 1988, the year in which the forfeiture occurred, and therefore could not establish that he sustained a loss that year, or that he should be able to carry that loss back to the years at issue here. The court noted that the case law supported the commissioner's view that the loss was not deductible, but did not decide the question because of the lack of evidence regarding the amount of loss sustained by Smith.
 
 
 5
 Smith appealed to this Court. On appeal, he raises two issues. First, he contends that he should have been allowed to take a loss deduction for the assets forfeited pursuant to 21 U.S.C. Sec. 853. Second, he claims that the denial of the deduction violates the double jeopardy clause in that it is a second punishment for his crimes. Smith abandons on appeal the other claims he raised before the tax court.
 
 
 6
 Smith's income from his drug business is taxable. James v. United States, 366 U.S. 213 (1961). The primary issue on appeal, then, is whether he may deduct the value of property forfeited to the government pursuant to 21 U.S.C. Sec. 853 as a loss. 26 U.S.C. Sec. 165 (losses sustained during the taxable year deductible).
 
 
 7
 As the tax court found, Smith made no effort to prove the value of the items forfeited to the government under 21 U.S.C. Sec. 853. Though he claimed to have forfeited assets including "six pieces of real property, numerous automobiles, gold and jewelry, currency, bank accounts, and a $10,666.70 check," he did not offer any evidence about the value of the forfeited property. Further, as he did not file a 1988 income tax return, he did not show his income in that year, whether his loss resulting from the forfeiture exceeded his income, and whether that loss could be carried back to prior tax years pursuant to 26 U.S.C. Sec. 172. We hold that the tax court was correct when it denied the petition for redetermination based upon Smith's failure to show the amount of loss.
 
 
 8
 Even if Smith could prove the amount of loss, he would not be entitled to a deduction. The Fifth Circuit has held, in a case factually similar to this one, that allowing a deduction for forfeited assets would violate the "sharply defined national policy against" drug trafficking. Wood v. United States, 863 F.2d 417, 420-22 (5th Cir.1989), quoting Tank Truck Rentals, Inc. v. Commissioner, 356 U.S. 30, 3335 (1958). The court held that allowing the deduction would " 'take the sting' out of a penalty intended to deter drug dealing." 863 F.2d at 422. We agree with the reasoning of the Fifth Circuit in this regard.
 
 
 9
 Finally, Smith argues that taxing him on property which he forfeited violates the double jeopardy clause in that it is a second punishment for his conduct. He relies on United States v. Halper, 490 U.S. 435 (1989). In Halper, the Court held that a civil penalty would be construed as an additional punishment if it bore no rational relation to the government's loss. That analysis does not apply where, as here, the forfeited property belonged to the government all along under the relation back doctrine. Smith has been taxed on the proceeds of his illegal activity, including that property which was forfeited to the government, and his payment of income tax for his illegal income does not violate the double jeopardy clause.
 
 
 10
 We affirm the tax court's order denying redetermination of deficiency.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Many of Smith's assets were forfeited to the government after he pleaded guilty to possession of heroin with intent to distribute; the forfeiture was accomplished pursuant to the plea agreement. In that same criminal proceeding, Smith pleaded guilty to three counts of tax evasion, one count for each of the years at issue here